## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

KENNETH BRANDON JACKSON,

        Plaintiff,

    v.

ROBERT DANFORTH, JASMINE KNOX,
and TYRONE OLIVER,

        Defendant.

CIVIL ACTION NO.: 5:23-cv-96

## **O R D E R**

Defendants Danforth and Oliver filed Motions to Dismiss.  Docs. 16, 18.  Plaintiff filed a

Response, opposing Defendants' Motions.  Doc. 20.  Defendant Danforth filed a Reply.  Doc. 22.

For the following reasons, I **GRANT** Defendants' Motions to Dismiss, **DISMISS without**

**prejudice** Plaintiff's Complaint for failure to exhaust available administrative remedies, and

**DIRECT** the Clerk of Court enter the appropriate judgment of dismissal and **CLOSE** this case.

I further **DENY** Plaintiff leave to appeal *in forma pauperis*.  Plaintiff also filed a Motion for

Entry of Default.  Doc. 23.  Because I am dismissing Plaintiff's Complaint in its entirety, I

**DENY as moot** Plaintiff's Motion for Entry of Default.[1]

---

[1]      The United States Marshals Service returned an executed waiver of service for Defendant
Jasmine Knox.  Doc. 15.  However, Defendant Knox has not filed an appearance or any responsive
pleading in this case.  Regardless, because I have determined Plaintiff failed to exhaust his administrative
remedies before filing his Complaint, the same reasons for dismissal apply equally to the claims against
Defendant Knox.  Therefore, Plaintiff's claims against Defendant Knox are due to be dismissed, and
Plaintiff's Motion for Entry of Default is moot.

**BACKGROUND**

Plaintiff, an inmate at Coffee Correctional Facility ("CCF"), filed this Complaint asserting Eighth Amendment claims under 42 U.S.C. § 1983.  Doc. 1.  Plaintiff alleges Defendants authorized a meal plan for Plaintiff restricting him to less than 2800 calories per day. Plaintiff alleges this meal plan led to physical injury, pain, suffering, and mental anguish. Plaintiff alleges he lost 15 pounds due to these food limitations.  Plaintiff states all inmates at the prison were only served box lunches containing one sandwich three times a day for four months. Id. at 6.

On November 5, 2024, Defendant Danforth filed a Motion to Dismiss.  Doc. 16.  On November 6, 2024, Defendant Oliver filed a Motion to Dismiss.  Doc. 18.  Both Defendants argue Plaintiff failed to exhaust his administrative remedies.  Both Defendants also argue Plaintiff has failed to state an Eighth Amendment deliberate indifference claim and that Plaintiff's claims for injunctive relief are moot.  Plaintiff filed a Response to Defendants' Motions, arguing he fully exhausted his administrative remedies.  Doc. 20 at 6–7.  Defendant Danforth filed a Reply, arguing Plaintiff failed to meaningfully address Defendants' failure to exhaust arguments.  Doc. 22.

**DISCUSSION**

I.    **Prison Litigation Reform Act's Exhaustion Requirements**

Under the Prison Litigation Reform Act ("PLRA"), an incarcerated individual must properly exhaust all available administrative remedies—including the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions.  42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007); Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000).  The purpose of the PLRA's exhaustion requirement is to "afford corrections

officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Whatley v. Warden, Ware State Prison (Whatley I), 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)).

Proper exhaustion is mandatory, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how special the circumstances. Ross v. Blake, 578 U.S. 632, 639–40 (2016) (finding the PLRA requires exhaustion "irrespective of any 'special circumstances'" and its "mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account"); Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Moreover, courts may not consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (noting an inmate's belief administrative procedures are futile or needless does not excuse the exhaustion requirement). Rather, courts may only determine whether administrative remedies are available and whether the inmate properly exhausted these remedies prior to bringing his federal claim. Id.

Proper exhaustion requires compliance with the prison's administrative policies, deadlines, and other critical procedural rules. Woodford, 548 U.S. at 91–92; Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005))). "[A]n inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000); Gooch v. Tremble, No.

3

1:18-cv-058, 2018 WL 2248750, at *3 (S.D. Ga. Apr. 20, 2018) ("[B]ecause exhaustion of administrative remedies is a 'precondition' to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure before initiating this suit." (quoting Higginbottom, 223 F.3d at 1261)). An incarcerated individual cannot "cure" an exhaustion defect by properly exhausting all remedies after filing suit. Terry, 491 F. App'x at 83; Harris, 216 F.3d at 974.

Moreover, to properly exhaust, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant, 530 F.3d at 1378; see also Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2003) (affirming sua sponte dismissal for failure to exhaust when a federal inmate submitted a written complaint and appealed the decision but filed his lawsuit before receiving the final decision on his appeal); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

## II.    Standard of Review for Exhaustion

A defendant may raise an inmate-plaintiff's failure to exhaust as an affirmative defense. Jones, 549 U.S. at 216 ("We conclude that failure to exhaust is an affirmative defense under the PLRA . . . ."); Pearson v. Taylor, 665 F. App'x 858, 867 (11th Cir. 2016); Whatley I, 802 F.3d at 1209. When so raised, "[d]efendants bear the burden of proving that the plaintiff failed to exhaust his administrative remedies." Pearson, 665 F. App'x at 867 (quoting Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)); see also Trevari v. Robert A. Deyton Det. Ctr., 729 F. App'x 748, 752; White v. Berger, 709 F. App'x 532, 541 (11th Cir. 2017); Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015); Turner, 541 F.3d at 1082.

While exhaustion is a mandatory requirement for suing, one exception exists.  Ross, 578 U.S. at 642 ("The PLRA contains its own, textual exception to mandatory exhaustion.").  "Under the PLRA, a prisoner need exhaust only 'available' administrative remedies."  Id. at 638; Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017).  Drawing from the plain language of the word "available," the United States Supreme Court has concluded "an inmate is required to exhaust . . . only those[] grievance procedures that are 'capable of use' to 'obtain some relief for the action complained of.'"  Ross, 578 U.S. at 642; Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008) (quoting Goebert v. Lee County, 510 F.3d 1312, 1322–23 (11th Cir. 2007) ("A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of its purpose.'")).  "Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available."  Turner, 541 F.3d at 1084.

Courts recognize "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief."  Ross, 578 U.S. at 642. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates."  Id.; Turner, 541 F.3d at 1083 (noting the PLRA "does not require inmates to craft new procedures when prison officials demonstrate . . . they will refuse to abide by the established ones").  Second, exhaustion is not required when an administrative procedure is "so opaque" or "unknowable" that "no ordinary prisoner can discern or navigate it."  Ross, 578 U.S. at 642.  Finally, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation[,]" such thwarted inmates are not required to exhaust.  Id. at 644; Abram v. Leu,

759 F. App'x 856, 860 (11th Cir. 2019) ("An administrative remedy may be unavailable when prison officials interfere with a prisoner's pursuit of relief."); Dimanche, 783 F.3d at 1214 ("The PLRA does not 'require[] an inmate to grieve a breakdown in the grievance process.'" (quoting Turner, 541 F.3d at 1083)); Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999) (finding exhaustion does not require plaintiff-inmates "to file an appeal after being told unequivocally that appeal of an institution-level denial was precluded").

In Turner v. Burnside, the Eleventh Circuit Court of Appeals laid out a two-part test for resolving motions to dismiss for failure to exhaust administrative remedies under § 1997e(a). 541 F.3d at 1082. First, courts "look[] to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id.; see also Bracero v. Sec'y, Fla. Dep't of Corr., No 17-14278, 2018 WL 3861351, at *1 (11th Cir. 2018). This prong of the Turner test assess whether there is a genuine dispute of material fact regarding the inmate-plaintiff's failure to exhaust. Glenn v. Smith, 706 F. App'x 561, 563–64 (11th Cir. 2017) (citing Turner, 541 F.3d at 1082); Pavao, 679 F. App'x at 824. "The court should dismiss [the action] if the facts as stated by the prisoner show a failure to exhaust." Abram, 759 F. App'x at 860 (quoting Whatley I, 802 F.3d at 1209); Turner, 541 F.3d at 1082 ("This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).").

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082; see also Glenn, 706 F. App'x at 563–64; Pearson, 665 F. App'x at 867 ("At the second step, the court [is] permitted to make factual findings to resolve the issue of exhaustion."). After resolving the

factual disputes, the court then decides whether, "based on those findings, defendants have shown a failure to exhaust." Bracero, 2018 WL 3861351, at *1 (quoting Whatley I, 802 F.3d at 1209). Additionally, "[w]hen ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider evidence outside the pleadings." Berger, 709 F. App'x at 541 n.4 (citing Bryant, 530 F.3d at 1376); Glenn, 706 F. App'x at 563–64; Singleton v. Dep't of Corr., 323 F. App'x 783, 785 (11th Cir. 2009) (citing Bryant, 530 F.3d at 1376) ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record."). However, if the issue of exhaustion is "intertwined with the merits of a claim protected by the Seventh Amendment," parties are entitled to a jury trial on that issue and dismissal is not appropriate. Perttu v. Richards, 605 U.S. ___, 145 S. Ct. 1793, 1800 (2025).

## III. Applying Turner

### A. The Georgia Department of Corrections' ("GDC") Administrative Remedies

Coffee Correctional Facility, where these claims arose, utilizes the GDC procedures for prisoner grievances. Doc. 28 at 3. The GDC's grievance policies are set out in Standard Operating Procedure ("SOP") 227.02. Doc. 16-2 at 8. Under SOP 227.02, inmates may "file a grievance about any condition, policy, procedure, or action or lack thereof" that "personally affects the offender" and that is not explicitly listed in the SOP as a "non-grievable issue." Id. at 11.

The grievance procedure consists of two steps, the original grievance and the Central Office Appeal. Id. at 15. Under SOP 227.02, absent "good cause," original grievances must be filed within 10 days from the date the inmate knew or should have known of the facts giving rise to the grievance. Id. The complaint must be a single issue or incident. Id. Then, if an inmate is

dissatisfied with the response or if the time allowed for the Warden's decision has expired, he may appeal the decision to the GDC Central Office.  Id. at 21.  An appeal must be filed within seven days of an inmate receiving the Warden's response.  Id.  The GDC Commissioner then has 120 days after receiving the appeal to deliver a decision to the inmate.  Id. at 22.  Only then is the grievance procedure complete.  Id.

     **B.**    **Plaintiff Did Not Exhaust Available Administrative Remedies**

         *1.*    ***Plaintiff's claims survive under <u>Turner</u> step one.***

At step one under <u>Turner</u>, the Court must consider the "factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, take the plaintiff's version of the facts as true."  <u>Turner</u>, 541 F.3d at 1080–82.

Defendants allege Plaintiff filed four grievances while incarcerated at CCF but only one grievance is relevant to the allegations in Plaintiff's Complaint.  Doc. 16 at 7.  Plaintiff filed Grievance Number 357682 on September 11, 2023.  In his grievance, Plaintiff complained prison food services were feeding him and other inmates less than the 2,800 calories per day required by GDC policy.  Plaintiff claimed the prison was slowly starving him and other inmates. Plaintiff's grievance was denied on September 22, 2023.  Plaintiff appealed his grievance on September 26, 2023.  Plaintiff's appeal was denied on November 1, 2023.  Defendant Danforth states Plaintiff's grievance was untimely because it was filed approximately six months after he was placed on a diet and started losing weight.  Doc. 16 at 11.  Additionally, Defendant Oliver states Plaintiff filed his Complaint on October 20, 2023, which was before Plaintiff received a response to his appeal and exhausted his administrative remedies.  Doc. 18 at 7.

Plaintiff alleges he exhausted his administrative remedies. Doc. 20 at 6. Plaintiff alleges he filed a grievance at CCF and filed a Central Office appeal upon receiving a denial. Plaintiff alleges he properly followed all PLRA requirements. Id.

Plaintiff's allegations and Defendants' allegations plainly conflict: Defendants assert Plaintiff did not properly follow all procedures and did not fully exhaust his administrative remedies before filing his Complaint. Plaintiff disputes this, saying he properly followed all PLRA requirements. There is a genuine dispute of material fact, and—at step on under Turner—the Court must take Plaintiff's allegations as true. Looking solely at Plaintiff's Response, his allegations are enough to survive a motion to dismiss for failure to exhaust his administrative remedies under the first prong of the Turner test.

### 2.    Plaintiff's claims should be dismissed under Turner step two.

The parties' filings implicate a factual question. Specifically, the parties dispute whether Plaintiff completed the grievance process and fully exhausted his administrative remedies before he filed his Complaint. Therefore, the Court must determine, as a factual matter, whether Plaintiff exhausted his administrative remedies.

"[F]actual determinations regarding exhaustion (or lack thereof) under § 1997e(a) often pose problems for the district courts." Womack v. Sikes, No. CV 307-042, 2008 WL 4104148, at *5 (S.D. Ga. Sept. 4, 2008). Nevertheless, a presiding judge may act as a factfinder in resolving whether an inmate has exhausted his non-judicial remedies. Bryant, 530 F.3d at 1374 (citing Wyatt v. Terhune, 315 F.3d 1108, 1119–20 (9th Cir. 2003)). Similarly, the Supreme Court has explained "discredited testimony" cannot be relied upon to resist summary judgment. See Womack, 2008 WL 4104148 at *5 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256–57 (1986)).

Failure to exhaust is an affirmative defense that, like other affirmative defenses, puts the burden of proof squarely on defendants.  See Presley v. Scott, 679 F. App'x 910, 912 (11th Cir. 2017) ("It is the defendant's burden to prove a plaintiff has failed to exhaust his administrative remedies, which requires evidence that the administrative remedies are available to the plaintiff."); Berger, 709 F. App'x at 542 (finding "[t]he district court misapplied the law in penalizing [plaintiff] for failing to take advantage of remedies the defendants failed to prove were available to him"); Whatley I, 802 F.3d at 1209; Turner, 541 F.3d at 1082–83; see also Abram, 759 F. App'x at 861 (remanding to determine whether administrative remedies were available to plaintiff where plaintiff alleged prison staff refused to provide grievance forms and plaintiff provided an affidavit from another inmate who witnessed plaintiff's request for forms and subsequent denial).  Even when a plaintiff relies only "upon his own self-serving allegations," courts should not dismiss the action outright but should "consider[] whether a 'reasonable juror would undertake the suspension of disbelief necessary to credit the allegations.'"  Womack, 2008 WL 4104148, at *6 (quoting Jeffreys v. City of New York, 426 F.3d 549, 555 (2d Cir. 2005)).

Before a court resolves disputed factual issues in a motion to dismiss, the court must ensure "the parties ha[d] sufficient opportunity to develop a record."  Bryant, 530 F.3d at 1376 & n.14; see also Glenn, 706 F. App'x at 564 ("[I]f there are disputed factual issues, the court must allow the parties to develop the record . . . .");  Porter v. Sightler, 457 F. App'x 880, 882 (11th Cir. 2012); Singleton, 323 F. App'x at 785 (finding plaintiff-inmate had sufficient opportunity to develop the record when plaintiff filed "numerous pleadings, affidavits, and exhibits regarding the exhaustion issue").  Here, both parties have submitted argument or evidence on the issue of

exhaustion and the availability of the grievance process.  Therefore, the parties have had a sufficient opportunity to develop the record.

Defendants have carried their burden to show Plaintiff did not exhaust his administrative remedies.  Defendants have submitted an affidavit from the Grievance Coordinator at CCF, who asserts Plaintiff only filed one grievance related to his dietary restriction, Grievance Number 357682.  Doc. 16-2 at 5.  The grievance was denied on September 22, 2023.  Plaintiff appealed the decision on September 26, 2023.  Plaintiff was notified that the Central Office denied his grievance appeal on November 1, 2023.  Id.  Defendants also provide Plaintiff's Georgia Department of Corrections Grievance History.  Id. at 28.  The records show Grievance Number 357682's appeal was denied on November 1, 2023.  Id.  Lastly, the docket shows Plaintiff's Complaint was filed in this Court on October 20, 2023.  Plaintiff filed his Complaint before he received a response from the Central Office regarding his grievance appeal and before a response was due.  The Central Office has 120 calendar days to deliver a decision after an appeal.  Id. at 22.  Plaintiff did not wait 30 days before filing his Complaint.  The evidence before the Court contradicts Plaintiff's contention that he fully exhausted his administrative remedies before filing his Complaint.

Plaintiff claims he properly followed all PLRA procedures.  However, Plaintiff did not submit any copies of the Central Office appeal response.  Plaintiff has provided no evidence to suggest he received a response to his appeal before filing his Complaint and exhausted his administrative remedies.

The facts as stated show Plaintiff failed to exhaust his administrative remedies. Accordingly, I **GRANT** Defendants' Motions to Dismiss and **DISMISS** Plaintiff's claims against Defendants Danforth and Oliver.[2]

## IV.    Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[2]    Since I have determined Plaintiff failed to fully exhaust his administrative remedies before filing his Complaint, there is no need to address Defendants' remaining arguments in their Motions to Dismiss.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **GRANT** Defendants' Motions to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint for failure to exhaust available administrative remedies, and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal and **CLOSE** this case.  I further **DENY** Plaintiff leave to appeal *in forma pauperis*.  Plaintiff also filed a Motion for Entry of Default.  Doc. 23.  Because I am dismissing Plaintiff's Complaint in its entirety, I **DENY as moot** Plaintiff's Motion for Entry of Default.

**SO ORDERED**, this 12th day of September, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA